UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RODNEY J. CAMPBELL ]
    Petitioner, ]
     ]
v. ] No. 3:08-1194
     ] Judge Trauger
JAMES FORTNER, WARDEN ]
    Respondent. ]

M E M O R A N D U M

    The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against James Fortner, Warden of the facility, seeking a writ of habeas corpus.

    On January 8, 2004, a jury in Davidson County found the petitioner guilty of kidnapping and two counts of second degree murder. For these crimes, he received an aggregate sentence of thirty one (31) years in prison.[1] On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. Docket Entry No. 13-1; Attachment A.

    In April, 2007, the petitioner filed a state petition for habeas corpus relief in the Circuit Court of Hickman County. That petition was summarily dismissed for failure to state a cognizable claim. Docket Entry No. 13-1; Attachment C at pg. 19. The Tennessee Court of Criminal Appeals affirmed

---

[1] Prior to sentencing, the trial court merged the murder convictions. The petitioner was given consecutive sentences of twenty five (25) years for second degree murder and six years for kidnapping. Docket Entry No. 13-1; Attachment A at pg. 5.

1

the denial of habeas corpus relief. Docket Entry No. 13-1; Attachment B. Later, the Tennessee Supreme Court denied the petitioner's application for further review. Docket Entry No. 13-1; Attachment D.

On December 8, 2008, the petitioner initiated this action with the filing of a petition (Docket Entry No. 1) for writ of habeas corpus.[2] A few weeks later, he filed a second petition. Docket Entry No. 6. Both petitions raise the same issue, i.e., whether the petitioner's sentences are excessive and unconstitutional. Therefore, the Court shall treat them as a single petition for habeas corpus relief.

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 2) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court are the petition and respondent's Motion to Dismiss (Docket Entry No. 12). Having carefully considered these pleadings and the record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

In his Motion to Dismiss, the respondent argues that this action was not filed in a timely manner. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132,

---

[2] The petition was stamped by the Clerk's Office as filed on December 16, 2008. However, a pleading from a prisoner is considered filed on the date that it was given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petitioner certified that he placed the petition in the prison mailing system on December 8, 2008. Docket Entry No. 1 at pg. 15.

2

110 Stat. 1214 (1996), was signed into law. This legislation made various changes to 28 U.S.C. § 2254 and other federal habeas corpus statutes. Among those changes was the addition of a one year period of limitation placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[3]

The petitioner's direct appeal of his convictions was concluded on September 7, 2005, the date that the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. Docket Entry No. 13-1; Attachment A. He then had sixty (60) days in which to seek discretionary review from the Tennessee Supreme Court. Rule 11(b), Tenn. R. App. P. The petitioner chose not to do so, rendering his convictions final for purposes of timeliness on November 7, 2005.

The limitation period began to run from that date through November 6, 2006. The habeas corpus petition (Docket Entry No.1) initiating this action was filed on December 8, 2008, well beyond the one year limitation period. Thus, this action is untimely. It should be noted, however, that the limitation period is tolled during the time that a properly filed application for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2). In this case, the petitioner filed a petition for state habeas corpus relief on April 25, 2007. Docket Entry No. 13-1; Attachment C at pg. 19. The limitation had already expired more than five months before this filing. Accordingly, the petitioner's habeas corpus petition had no tolling effect on the limitation period.

The limitation period, though, does not act as a jurisdictional bar. Consequently, the one year

---

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period will begin to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

3

limitation period is subject to equitable tolling. Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir. 2005). To invoke equitable tolling, however, the petitioner must show that he exercised reasonable diligence in bringing his claims to this Court in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The petitioner has given the Court no legitimate grounds upon which to justify an equitable tolling of the limitation period. Consequently, this action is untimely. Respondent's Motion to Dismiss has merit and shall be granted. Rule 8(a), Rules - - - § 2254 Cases.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge